[Crim. No. 2313.   In Bank.—April 29, 1920.]

In the Matter of the Application of JOHN LAPIQUE for a Writ of Habeas Corpus.

[1] HABEAS CORPUS—UNLAWFUL RESTRAINT—INSUFFICIENCY OF PETI- TION.—An application for a writ of *habeas corpus* to secure the release of the petitioner from custody under a commitment of contempt based upon the legal insufficiency of the process in the contempt proceeding, must be denied where it is not alleged that such process constitutes the only or sole ground of his restraint, and it is fairly inferable from the allegations of the petition that he is lawfully in custody under a warrant based upon an indict- ment charging him with the commission of a public offense.

APPLICATION for a Writ of Habeas Corpus.   Denied.

The facts are stated in the opinion of the court.

John Lapique, *in pro. per.,* for Petitioner.

THE COURT.—The petitioner's claim that he is illegally held in custody by the sheriff of Los Angeles County is based entirely, in so far as this particular *habeas corpus* proceeding is concerned, upon the legal insufficiency of process issued in a contempt proceeding to afford justifica- tion for his further confinement thereunder.   He does not assert that such process issued in said contempt proceeding constitutes the only or sole ground of retention by the sher- iff.   It is fairly inferable from the allegations of his petition that he is lawfully in the custody of said sheriff under a warrant based upon a grand jury indictment charging him with the commission of a public offense.   Of course, if he is lawfully held in custody by the sheriff under process issued upon the indictment he is not entitled to his release

on *habeas corpus,* whatever be the situation with regard to the warrant issued in the contempt· proceeding. [1] As it stands the petition does not show that the petitioner is by the sheriff of Los Angeles County unlawfully imprisoned or restrained of his liberty.

The application for a writ of *habeas corpus* is denied.

All the Justices concurred, except Shaw, J., and Wilbur, J., who were absent.